Ross M. MADDEN, Regional Director, etc., Petitioner-Appellee,

v.

INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS OF AMERICA, INC., et al., Respondents-Appellants.

No. 12361.

United States Court of Appeals Seventh Circuit.

Sept. 26, 1958.

Certiorari Denied Dec. 8, 1958.

See 79 S.Ct. 236.

Mozart G. Ratner, Chicago, Ill., Jacobs & Ratner, Chicago, Ill., for appellant.

Winthrop A. Johns, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Jerome D. Fenton, General Counsel, Thomas J. McDermott, Associate General Counsel, Jacques Schurre, Attorney, National Labor Relations Board, Washington, D. C., for appellee.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

Section 10(*l*), of the Labor Management Relations Act,[1] 1947, as amended, provides in part relevant here: "Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (A), (B) or (C) of section 8(b), the preliminary investigation of such charge shall be made forthwith and given priority over all other cases * * *. If, after such investigation, the officer or regional attorney to whom the matter may be referred has *reasonable cause* to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any district court of the United States * * * within any district where the unfair labor practice in question has occurred * * * or wherein such person resides or transacts business, for appropriate injunctive relief *pending the final adjudication of the Board with respect to such matter.* Upon

1. 61 Stat. 136, 29 U.S.C. § 141.

the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law * * *" (Italics supplied). Ross M. Madden, local Regional Director, N.L.R.B., invoked § 10(*l*), petitioned for, and was granted a temporary injunction, in the court below, running against respondents, International Organization of Masters, Mates, and Pilots of America, Inc., AFL-CIO and International Organization of Masters, Mates and Pilots— Great Lakes District Local No. 47, pending final disposition of the matters before the National Labor Relations Board in Cases No. 13–CC–168, 169 and 170, concerning them. These respondents by their motions to dismiss Madden's petition claimed they were not "labor organizations" under § 2(5) and § 8(b) (4) of the Act. Rejecting this theory, the district judge found there was reasonable cause to believe respondents were labor organizations within the Act, citing Douds v. Seafarers' International Union, D.C.N.Y.1957, 148 F.Supp. 953. Respondents had also contended that their people, pilots for foreign ships on the Great Lakes, were members of the class of persons excluded from the range of the Act by § 2(3) and § 2(11), 29 U.S.C. § 152(3) and (11), because they were "supervisors." This complementary position geared to respondent's motion was similarly resolved against them by the trial judge who found that "The pilots are employed by the foreign shipowners to give necessary technical advice and assistance. They act aboard ship in this capacity, not as 'supervisors' within the meaning of the Act." After the court below denied the motions to dismiss, respondents elected to stand upon their motions, reserved their rights to appeal from such denial, and entered into a stipulation containing the following, *inter alia:*

> " * * * and respondents objecting to the entry of said temporary injunction solely on the grounds set forth in their aforesaid motions, subject to the approval of the Court, the aforesaid motions to dismiss and the affidavits filed in support and in opposition thereto shall be treated as having been filed and made in opposition to and in support of petitioner's motion for temporary injunction, and the Court's ruling on said motions to dismiss shall be deemed to be and shall constitute its ruling on petitioner's motion for temporary injunction and respondents' opposition thereto. Subject to respondents' contention that this ruling is in error, and reserving fully respondents' right to appeal, petitioner's motion for temporary injunction may be granted."

■■ In this appeal by respondents from the order below granting an interlocutory injunction, they could not have cast their nets more widely, for they misconstrue the functions of the district judge when he is passing upon a petition for temporary relief under § 10(*l*). By its express terms that provision is aimed at an injunction *pendente lite i. e.,* pending the final adjudication of the Board based upon its hearings; subsequently judicial review at the Court of Appeals level comes into play. Congress has expressly authorized district courts to grant temporary injunctive relief pending administrative decision. Clearly a district judge proceeding under § 10(*l*), as here, looks to the statutory yardstick of "reasonable cause" required as the basis for the petition and he is certainly not deciding which party, petitioner or respondent, is ultimately to prevail, nor do we now. In this incipient stage the district court was asked to aid the Board by preserving the status quo until it could ascertain by hearings, whether it had statutory jurisdiction, and if unfair labor practices existed. We, on the other hand, are simply reviewing discretion exercised below in a § 10(*l*) setting. Douds v. Milk Drivers and Dairy Employees Union, 2 Cir., 1957, 248 F.2d 534, 537. The finding of reasonable cause is not clearly erroneous under Rule 52, Federal Rules of Civil

Procedure, 28 U.S.C., and respondents by their motions admitted all facts well pleaded in Madden's petition.

This brings us to the tenuous jurisdictional argument put forward by the respondents, who, we find (both from the government brief and cases cited in support and respondents' counsel during oral arguments) have, at least for International Organization of Masters, Mates and Pilots of America, Inc., AFL-CIO, conceded in other cases and pleadings that they are "labor organizations." No more is required during interlocutory stages than that the district judge ascertain if there is reasonable cause for believing these respondents are "labor organizations" under the Act. Here we have a crux in the deliberately maintained position of respondents, but it is unsound and unavailing for the record supports the order brought here for review. It is unnecessary for the trial judge to do more than test for reasonable cause. Obviously if the petition manifested a flagrant case of *ultra vires* action "reasonable cause" would be absent.

The order granting temporary injunction entered in the District Court on June 17, 1958 and brought here for review is affirmed.

Affirmed.