George **SQUILLACOTE, Regional Director of the Thirtieth Region of the National Labor Relations Board, For and on Behalf of the NATIONAL LABOR RELATIONS BOARD**, Petitioner,

v.

**DRIVERS, SALESMEN, WAREHOUSEMEN, MILK PROCESSORS, CANNERY, DAIRY EMPLOYEES AND HELPERS UNION LOCAL NO. 695,** affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, **Respondent.**

No. 73-C-66.

United States District Court,
W. D. Wisconsin.

March 23, 1973.

**794**

Joseph A. Szabo, Regional Atty., William F. Jacobs, Atty., N.L.R.B., Milwaukee, Wis., for petitioner.

David Loeffler, Milwaukee, Wis., for respondent.

## ORDER

JAMES E. DOYLE, District Judge.

Petitioner seeks an interlocutory injunction under the provisions of § 10($l$) of the National Labor Relations Act (NLRA) (29 U.S.C. § 160($l$)). That provision requires the Regional Director to seek such an injunction if he has reasonable cause to believe that any person has engaged in certain unfair labor practices, including violations of § 8(b)(4)(ii)(B) of the NLRA (29 U.S.C. § 158(b)(4)(ii)(B)), the provision which the respondent union is charged with violating. Injunctions issued pursuant to § 10($l$) remain in effect pending final adjudication of the matter by the National Labor Relations Board.

The petition alleges that since November 30, 1972, respondent has been engaged in a labor dispute with General Beverage Sales Co. (hereafter, General Beverage); that General Beverage is engaged in the wholesale sale and distribution of alcoholic beverages in Madison, Wisconsin; that during the period relevant to this case respondent has not been engaged in a labor dispute with certain retail liquor stores in Madison which receive goods from General Beverage; that in furtherance of its labor dispute with General Beverage and in order to force the retail stores to cease doing business with General Beverage by causing a total cessation of patronage by the general public of the retail stores, agents of respondent have made unlawful threats to the owners of such retail stores, picketed some such stores, exploded a stinkbomb in one such store, and engaged in mass picketing before another such store. Respondent's answer admits that agents of respondent threatened to picket certain retail liquor stores and did picket some such stores; denies that agents of respondent made any other threats or engaged in any acts of violence; and alleges that the sole purpose of respondent's activity is to induce members of the public not to buy products of General Beverage.

The question presently before me concerns the procedure which should be observed in the resolution of this petition: Am I to examine only the evidence presented by the Regional Director, or am I to receive evidence from both parties and to resolve questions of fact? Section 10($l$) provides that the officer or regional attorney must seek interlocutory injunctive relief if he "has reasonable cause to believe" that the unfair labor practice took place. The section provides further that: "Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper. . . ." Referring to these provisions the Seventh Circuit has stated: "Clearly a district judge proceeding under § 10 ($l$) . . . looks to the statutory yardstick of 'reasonable cause' required as the basis for the petition and he is certainly not deciding which party . . . is ultimately to prevail. . . ." Madden v. International Organization, 259 F.2d 312, 313 (7th Cir. 1958).

While the above passage describes the standard against which the facts are to be measured, it does not explicitly describe the manner in which the judge is to proceed to perform his function. The Regional Director contends that the court's role is to examine the evidence which the Regional Director has submitted to determine whether there are facts

which could give the Director reasonable cause to believe that each of the elements of the alleged unfair labor practice is present. Under this theory the court need not and should not receive evidence from the respondent since the sole question is whether petitioner's evidence presents a prima facie case. A number of courts have adopted this theory. Kennedy v. Sheet Metal Workers Int. Ass'n Local 108, 289 F.Supp. 65, 86 (C.D.Cal.1968), and cases cited in that opinion. Respondents contend that the court must make an independent examination of the facts, receiving evidence from both sides, before making a decision.

I have concluded that respondent's view is the better one. There is authority for that view. McLeod v. General Electric Company, 366 F.2d 847 (2d Cir. 1966) (in which court gives implicit approval to the procedure observed by the trial judge of hearing testimony from both parties and making findings of fact; see the district judge's decision at 257 F.Supp. 690); Potter v. United Plant Guard Workers of America, 192 F. Supp. 918, 922 (S.D.Tex.1961). Moreover, in passing the Norris-LaGuardia Act Congress established a firm policy against the use of federal court injunctions in the resolution of labor disputes. Prior to that act federal judges had been quick to grant preliminary injunctive relief in labor disputes, and frequently those injunctions exerted an overriding influence on the outcome of the dispute. Section 10(l) is a narrow exception to the anti-injunction provisions of the Norris-LaGuardia Act. It is true that under § 10(l), the interlocutory injunction may not even be sought until the existence of probable cause has first been determined by an officer of the agency charged with primary responsibility and authority in national labor relations. This serves as an important brake on rash applications of the injunctive power. However, were the

court not only to accord respect to the initial administrative determination, but to refrain from any independent evaluation of the facts, § 10(l) would be construed too broadly in derogation of the policy which the Norris-LaGuardia Act embodies.

Section 10(l) states that the court has jurisdiction to grant such injunctive relief "as it deems just and proper." This provision admits of two constructions: first, that the court is to determine only the nature of the relief appropriate to the case without making an independent inquiry into the facts underlying the relief; second, that by authorizing the court to determine what injunctive relief is "just and proper" § 10(l) necessarily confers the power to make an independent examination of the facts which allegedly give rise to a need for the order. When a statute admits of two possible constructions, that construction which fits rationally into the statutory scheme should be favored over that which produces anomolous results. A court which issues an injunction must be prepared to hold violators in contempt of that order and, if necessary, to send them to jail. It would be incongruous to require a judge to exercise that power while forbidding him to conduct an independent inquiry into the facts which underlie the injunctive order. Therefore, I accept the more reasonable construction of § 10(l) that the judge is to receive evidence from both sides and to resolve, in some degree, disputed issues of fact.[1]

Despite my view that I may and should ordinarily receive evidence from both sides, this case might be disposed of on the present record if the facts which respondent has admitted in its answer show that the petitioner is entitled to relief, or if the evidence submitted by petitioner does not suffice to support a judgment in his favor. I conclude that this case cannot be disposed of on either of these theories.

1. In resolving questions of fact, I must observe the holding of the Seventh Circuit in *Madden, supra,* that the petitioner's burden of persuasion is that of "reasonable cause."

It is ordered that on or before March 30, 1973, respondents may serve and file, in opposition to this petition, any affidavits or other materials which are permitted under Rule 56(e) of the F.R. Civ.P. with respect to motions for summary judgment. On or before April 6, 1973, petitioner may serve and file any such affidavits or other materials in rebuttal. The court will proceed to decide on the petition without further hearing.